## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID GROGAN, HERMAN BREWER, and FAYETTE REID,** *individually and on behalf of a class of all persons similarly situated,*<br><br>**and JAMES BROOKS,** *individually,*<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ERIC H. HOLDER, United States Attorney General,**<br><br>**Defendant.** | **Civil Action No. 08-1747 (BJR)**<br><br>**MEMORANDUM ORDER**<br><br>**DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION; GRANTING PLAINTIFFS' LEAVE TO FILE MOTION AS TO REMAINING ISSUES** |

## I.  INTRODUCTION

Plaintiffs David Grogan, Herman Brewer, and Fayette Reid ("Class Plaintiffs"), individually and on behalf of a class of similarly situated individuals, bring suit against their employer, the United States Marshals Service ("USMS" or "Defendant").  Class Plaintiffs allege that USMS engaged in a pattern or practice of racial discrimination against them and other African-American Deputy United States Marshals in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq* ("Title VII").  Plaintiff James Brooks brings only individual claims of racial discrimination under Title VII.

In 2010, Plaintiffs sought to amend their complaint, a motion that Judge Kennedy, who previously presided over this case, granted in part and denied in part.  In 2011, Plaintiffs moved for reconsideration of the partial denial.  This case having been transferred, that motion is before this Court.  On September 17, 2012, Plaintiffs notified the Court of significant factual and procedural developments, which Plaintiffs believe relate to their motion for reconsideration.

The Court has thoroughly reviewed Plaintiffs' motion, related briefings, and the entire record of this case.  For the reasons elaborated below, the Court denies in part and denies as moot (and without prejudice) in part Plaintiffs' motion for reconsideration.  The Court also grants Plaintiffs leave to file a motion, wherein they may address the effect of recent factual and procedural developments.

## II.  BACKGROUND[1]

On September 16, 2010, Plaintiffs filed a motion to amend their Complaint.  Among other things, Plaintiffs asked to (1) expand the liability period to start in 1994 instead of 2007,[2] and (2) add factual allegations regarding Plaintiff Brooks' exhaustion of administrative remedies. In seeking to extend the liability period for the class claims back to 1994, Plaintiffs argued that they satisfied the exhaustion requirements of Title VII[3] vicariously by pointing to an administrative class complaint filed by a former United States Deputy Marshal, Matthew Fogg ("Fogg Complaint").  Some procedural history as to Fogg's administrative class complaint is therefore necessary.

Fogg, who is not a named plaintiff in this lawsuit, filed an Equal Employment Opportunity ("EEO") complaint on behalf of "50 and expanding (black) USMS employees" in July 1994.  In April 1996, Fogg's complaint was dismissed for lack of specificity and detail. Fogg appealed this dismissal but, on October 24, 1997, the Equal Employment Opportunity Commission ("EEOC") mistakenly dismissed his appeal.  Some seven years later, in 2004, Fogg

---

[1]  Pertinent facts are taken from Judge Kennedy's September 1, 2011 Order, unless otherwise indicated.

[2]  Expanding the liability period would likely increase the size of the proposed class.  *See* Pls.' Am. Compl. ¶ 84 (defining the class as "All current and former African American Deputy U.S. Marshals who are serving or have served with the USMS at any time during the liability period.").

[3]  Title VII requires that federal employees who seek to sue their employers for discrimination first exhaust their administrative remedies.

petitioned the EEOC for reconsideration of the dismissal of his appeal.  In May 2006, the EEOC

re-opened Fogg's appeal and vacated the dismissal, remanding the charge to the EEOC

Washington Field Office for class certification consideration.  On March 19, 2007, the

Washington Field Office denied class certification and dismissed Fogg's complaint once again.

Fogg appealed this decision to the EEOC Office of Federal Operations.

While Fogg's appeal was pending, in September 2010, Judge Kennedy denied Plaintiffs'

motion to amend the complaint.  Judge Kennedy held that Plaintiffs had not vicariously

exhausted their administrative remedies for the 1994-2006 claims by virtue of Fogg's

administrative complaint.  Judge Kennedy also ruled that the statute of limitations had expired as

to those claims and that tolling was not proper.  For these reasons, Judge Kennedy denied as

futile Plaintiffs' proposed amendment to expand the liability period to include 1994 through

2006.  Finally, Judge Kennedy did not allow Plaintiffs to add factual allegations regarding

Plaintiff Brooks' efforts to exhaust his administrative remedies for a non-promotion claim.

In September 2011, Plaintiffs moved for reconsideration of Judge Kennedy's decision.

On September 17, 2012, Plaintiffs filed a notice of Supplemental Authority information this

Court that in July 2012, while the motion for reconsideration was pending, the EEOC Office of

Federal Operations reversed the decision that had denied class certification and the decision that

dismissed Fogg's class complaint.  Pls.' Notice of Suppl. Authority (Sept. 17, 2012) at 1.  Fogg's

case was remanded back to the agency with orders that an Administrative Judge be appointed to

hear the class action claims.  *Id.* at 2.  With this background information in mind, the Court now

turns to the Plaintiffs' motion for reconsideration.


## III.  ANALYSIS

### A.  Legal Standard for Reconsideration Under Rule 54(b)

The Court considers Plaintiffs' motion for reconsideration under Rule 54(b).  *See* Fed. R.

Civ. P. 54(b) (setting forth a court's authority to revise its non-final orders); *Pittman v. Franklin*,

282 F. Appx. 418, 423 (6th Cir. 2008) ("the denial of a motion to amend [a pleading] is generally

a non-final order that is not immediately appealable").  The reconsideration of an interlocutory

decision pursuant to Rule 54(b) is available "as justice requires."  *Childers v. Slater*, 197 F.R.D.

185, 190 (D.D.C. 2000).  Some factors that the Court may consider in determining whether

reconsideration is warranted include whether the Court "has patently misunderstood a party, has

made a decision outside the adversarial issues presented to the Court by the parties, has made an

error not of reasoning, but of apprehension, or where a controlling or significant change in the

law or facts [has occurred] since the submission of the issue to the court."  *Cobell v. Norton*, 224

F.R.D. 266, 272 (D.D.C. 2004) (internal citation omitted).

### B.  Vicarious Exhaustion

Judge Kennedy rejected Plaintiffs' arguments that they had exhausted their administrative

remedies by virtue of the vicarious exhaustion doctrine.  Under this doctrine, a court may excuse

a plaintiff's failure to exhaust his or her administrative remedies if other plaintiffs in the case had

completed the exhaustion process, and if the claims being asserted by the plaintiff who failed to

exhaust are sufficiently similar to those claims where exhaustion was properly completed.  *See*

*Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 807 (D.C. Cir. 2010).  Judge Kennedy found

that the vicarious exhaustion doctrine did not apply because there was no named plaintiff in the

current case that had exhausted the administrative process for the pre-2007 class claims.  Mem.

Op. (Sept. 1. 2011) at 9.  In other words, Judge Kennedy refused to allow Plaintiffs "to

piggyback" off of Fogg's EEO charges when Fogg was not named in the action currently before

the Court.  *Id.*

Plaintiff argues that reconsideration of Judge Kennedy's ruling regarding vicarious exhaustion is warranted because, on September 27, 2011 (a few weeks after Judge Kennedy issued his ruling), Fogg submitted an amendment to his EEO charge seeking to include Plaintiffs Brewer and Reid as charging parties.  According to Plaintiffs, should the EEO grant Fogg's amendment, Plaintiffs Brewer and Reid "will have administratively exhausted and may assert the [1994-2006] claims in that class charge."  Defendant responds, *inter alia*, by noting that an amendment to an EEO charge must be done "prior to the conclusion of the [EEOC] investigation."  Defendants argue that because "the EEOC must reject Fogg's purported amendment," the Court "should disregard Fogg's pending motion to amend his EEO Complaint to add Brewer and Reid, as it is irrelevant and untimely."  Def.'s Opp'n at 6-7.

Fogg's proposed amendment is not grounds for reconsideration of Judge Kennedy's ruling.  The Administrative Judge has not yet ruled on Fogg's proposed amendment.  Thus, Plaintiffs' arguments are premature, and there are no changed circumstances that would warrant reconsideration.  In the event that Fogg were granted leave to amend his administrative charge to include Plaintiffs Brewer and Reid as charging parties, Plaintiffs, at that point, may notify the Court and request leave to file a motion to renew their arguments based on vicarious exhaustion.  Until then, Judge Kennedy's order rejecting vicarious exhaustion stands.

### C.  Continuing Violations

Plaintiffs argue that they are entitled to pursue a finding of liability and relief for pre-2007 claims based on the continuing violations doctrine.  Pls.' Mot. at 10.  It is unclear to the Court why such an argument is raised in Plaintiffs' motion for reconsideration when Judge Kennedy never ruled on the matter and Plaintiffs never sought to amend their Complaint to include charges based on the continuing violations doctrine.  Indeed, because Plaintiffs' original Complaint included charges based on continuing violations, such a request would not have made

much sense.  *See* Compl. ¶ 95 (stating that the class members "are entitled to application of the continuing violation doctrine to all violations alleged herein").  Therefore, Plaintiffs are not asking the Court to reconsider Judge Kennedy's Order, nor did Plaintiffs see a need to pursue any amendment on this issue.  Because Plaintiffs never sought to amend their complaint in this fashion and because Judge Kennedy's Order did not address the applicability of the continuing violations doctrine, the parties' respective arguments as to the scope and availability of the continuing violations doctrine are not properly raised at this time (or at least not in briefing on Plaintiffs' motion to reconsider the Order denying amendment), and the Court does not consider them.[4]  Accordingly, the Court denies as moot Plaintiffs' motion for reconsideration as to the continuing violations issue.

### D.  Plaintiff Brooks' Individual 2010 Claims

Plaintiffs also requests that the Court reconsider Judge Kennedy's Order and allow Plaintiffs to amend their complaint to include factual allegations related to Plaintiff Brooks' August 18, 2010 EEO complaint.  Pls.' Mot. at 13.  Plaintiffs had previously sought to amend their Complaint to add that, "[o]n August 18, 2010, after seeking EEO Counseling, Mr. Brooks filed an additional EEO complaint discrimination [sic] regarding denials of promotion [that occurred] in May of 2010.  Mr. Brooks is in the process of exhausting these promotion claims."  Mem. Op. (Sept. 1, 2011) at 22.  Defendant objected to this proposed amendment, arguing that Brooks sought to bring this non-promotion claim before waiting the mandatory 180-day period from the filing of his EEO charge.  Judge Kennedy deemed the argument conceded because Plaintiffs did not respond, and denied the proposed amendment.

Plaintiffs now ask the Court to reconsider, arguing that "[w]hile Plaintiffs' Motion to Amend remained pending before [Judge Kennedy], Plaintiff Brooks exhausted his administrative

---

[4]     The Court's ruling is not meant to foreclose parties from revisiting this issue through a more appropriate motion, perhaps in the context of discovery, dismissal, or summary judgment.

remedies as of April 28, 2011, and his claims have since been ripe for inclusion in Plaintiffs'

class complaint." Pls.' Mot. at 14.  According to Plaintiffs, they were not required to "address[]

Defendant's objection where the mere passage of time during which Plaintiffs' motion remained

pending before [Judge Kennedy] would have cured Brooks' failure to exhaust."[5]  *Id.* at 14-15.

Defendant, however, maintains that amendment is inappropriate because "permitting Brooks to

include his claims in the amended complaint would violate the rule of *Murthy v. Vilsack* and

otherwise be contrary to judicial economy."  Def.'s Opp'n at 22.

Defendant is correct that *Murthy v. Vilsack* forecloses Plaintiffs' amendment.  Under

Title VII, "an aggrieved federal employee may file a civil action '*after* one hundred and eighty

days from the filing of the initial charge' when the EEOC has failed to take final action."

*Murthy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010) (quoting 42 U.S.C. § 2000e-16(c)).  In

*Murthy v. Vilsack*, the plaintiff had filed a complaint in the district court 131 days after filing his

charge with the EEOC.  *Id.* at 462.  The plaintiff attempted to avoid the consequences of his

untimely filing by amending his complaint.  The D.C. Circuit, however, held that "the filing of

an amended complaint after the 180-day period expired cannot cure the failure to exhaust."  *Id.*

According to the Circuit, "allowing [a plaintiff] to cure his failure to exhaust administrative

remedies by amending his complaint would contravene EEOC's investigative duty and

undermine Congress' policy of encouraging informal resolution up to the 180th day."  *Id.*

(internal citations omitted).

Here, Plaintiff Brooks, like the plaintiff in *Murthy v. Vilsack*, had not exhausted his

administrative remedies at the time that he sought to add the 2010 non-promotion claim to the

---

[5]       The Court rejects this argument.  Plaintiffs were under an obligation to respond to Defendant's
arguments concerning exhaustion, or they ran the risk of having Judge Kennedy treat Defendant's
arguments treated as conceded.  The fact is that, at least as of October 14, 2010 – the date that
Plaintiffs' reply in support of their motion to amend was filed, Plaintiffs did not have much of a
counterargument.  By Plaintiffs' own admission, Brooks would not exhaust his administrative
remedies until April 28, 2011.  *See* Pls.' Mot. at 14.

Complaint; that is, less than 180 days elapsed between the filing of Brooks' EEO non-promotion charge and his attempt to bring that charge before this Court.  Thus, Defendant is correct that "because Brooks had not exhausted his administrative remedies at that time," his 2010 non-promotion claim would have been subject to immediate dismissal and amendment is futile. Def.'s Opp'n at 22.  As amendment does not cure the original flaw, Plaintiffs' motion for reconsideration as to the amendment of Brooks' 2010 claims is denied.

### E.  Plaintiffs' Remaining Arguments

As noted earlier, the Court was recently notified of events that transpired with Fogg's administrative class claim, to wit: that the EEOC Office of Federal Operations has reversed the decision denying class certification and remanded the case to the agency with instructions that an Administrative Judge be assigned to the matter.  These significant factual and procedural events that occurred since the ruling by Judge Kennedy merit thorough consideration.  Because Judge Kennedy's rulings were based on a different record than the one presented before the Court today, the Court believes it would be impractical and a waste of judicial resources to entertain Plaintiffs' remaining arguments for reconsideration.  Some of the parties' arguments as to the remaining issues may be moot, or at least may need to be updated in light of the evolving procedural history in Fogg's class claim.  Accordingly, with respect to the remaining issues raised by Plaintiffs in their motion for reconsideration, the Court denies without prejudice Plaintiffs' motion for reconsideration.

The Court grants Plaintiffs leave to file a motion raising any arguments that, after critical evaluation, Plaintiffs believe remain outstanding, given the instant Order and the Fogg class action developments.  Plaintiffs' motion shall be limited to 15 pages and is due 14 days from the date of this Order.  Defendant's opposition is similarly limited to 15 pages and is due 14 days

from the date that Plaintiffs files their motion.  Plaintiff's reply, limited to 10 pages, is due 10 days from the date that Defendant files its opposition.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that [Dkt. #69] Plaintiffs' motion for reconsideration is denied.  Denial shall be without prejudice only as to Plaintiffs' "remaining issues," *see supra* Part III.E.  An Order consistent with this Memorandum Opinion is separately issued this 21st day of September, 2012.

September 21, 2012

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE