UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID GROGAN, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No.: 08-1747 (BJR) |
| ERIC H. HOLDER, JR., United States Attorney General, | ) |
| Defendant. | ) |

**DEFENDANT'S [PROPOSED] SUPPLMENTAL MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully submits this Memorandum to address the effect that David Grogan's dismissal of his claims has on those claims of the plaintiffs remaining in this Title VII case. Some of the plaintiffs have relied on the administrative claims of others for purposes of the exhaustion that a plaintiff must accomplish in order to maintain a claim. Because the remaining plaintiffs can no longer rely on David Grogan's 2007 EEO Complaint for purposes of the "single filing rule" for vicarious exhaustion, Fayette Reid must be dismissed from the case entirely, and James Brooks' and Herman Brewer's claims must be restricted to the scope of their own EEO complaints, which are far narrower than the claims the remaining plaintiffs and their counsel attempt to press here.

**I.   PLAINTIFFS CANNOT RELY ON GROGAN'S NOW-DISMISSED COMPLAINT FOR EXHAUSTION PURPOSES.**

Prior to bringing a claim under Title VII in federal court, a plaintiff must exhaust his or her administrative remedies. *See, e.g.*, *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); Mem. Op. & Order 6, Sept. 9, 2011, ECF No. 63. As has been recognized by the Court, the "doctrine of vicarious exhaustion or the single filing rule . . . allows plaintiffs who have not

exhausted their administrative remedies to join a lawsuit with other plaintiffs who have completed the exhaustion process, thus excusing some of the plaintiffs' failure to exhaust." Mem. Op. & Order 7, Sept. 1, 2011, ECF No. 63. Key to the operation of the single filing rule in the D.C. Circuit is that the suit brought by a non-exhausting party may not proceed "where there is no joinder to the suit brought by the original filer[;] . . . an independent suit brought by [a non-exhausting party] would demand dismissal for lack of administrative exhaustion." *Brooks v. District Hosp. Partners, L.P.*, 606 F.3d 800, 808 (D.C. Cir. 2010) (citing *Kizas v. Webster*, 707 F.2d 524, 547 (D.C. Cir. 1983)); *see also* Mem. Op. & Order 7-9, Sept. 1, 2011, ECF No. 63.

Plaintiffs are no longer joined to a suit brought by Grogan and they therefore cannot rely on his administrative complaint for exhaustion. As the D.C. Circuit explained in *Brooks*, a non-exhausting party may rely on the exhausted claim of another party, "*[a]s long as one of those plaintiffs remains party to the suit*." 606 F.3d at 808 (emphasis added). Grogan is no longer party to this suit. Indeed, the facts in this case now mirror those in *Brooks*, but for one final fact that saved the unexhausted claims in that case, but dooms them here.

In *Brooks*, a woman named Marable filed an EEOC charge on behalf of herself and a similarly situated class of nursing assistants claiming discrimination with respect to a nursing examination. *See Brooks*, 606 F.3d at 803. Marable then filed a class action lawsuit along with five co-plaintiffs, who were later joined by two other co-plaintiffs. *See id.* Marable subsequently dismissed her claims with prejudice. *See id.* at 804. The defendant in *Brooks* argued that the plaintiffs in that case could not rely on the single filing rule because Marable was no longer party to the case, and the D.C. Circuit agreed that this "would be persuasive" were it not for the fact that there were other plaintiffs still in the case on whose behalf the original Marable complaint had been filed. *See id.* Here, Plaintiffs cannot argue that the Grogan EEO

2

complaint was filed on their behalf because they were not named or identified in the administrative complaint.  *See Brooks*, 606 F.3d at 808; ECF No. 110-4; *see also* Mem. Op. & Order 13.

The consequence of Grogan's decision to leave the case is that Plaintiffs' claims must be narrowed, and in some respects, dismissed outright.

## II. REID'S CLAIMS ARE ENTIRELY UNEXHAUSTED AND MUST BE DISMISSED.

Fayette Reid has never personally commenced the exhaustion process with respect to the claims she brings in this case.  *See* Mem. Op. & Order 4 n.4.  Instead, she claims that she has exhausted her claims through Grogan's and Brewer's complaints.  *See* Am. Compl. ¶ 16, Sept. 16, 2011, ECF No. 66.  As she can no longer rely on Grogan's administrative complaint, she is limited to, at most, those issue raised in Brewer's administrative complaint.  Brewer's administrative complaint and the amendment thereto concern only (1) denial of promotions or transfers under the Merit Promotion Process and (2) denial of "special assignments and mission leadership opportunities."  *See* Ex. A at 4.  Reid does not claim that she was ever denied a promotion under the Merit Promotion Process.  *See* Am. Compl. ¶ 128.  The only assignments she complains about are her supervisors' decisions to staff her on one case as opposed to another, which are different from the purported denial of mission leadership opportunities that Brewer complains about.  This difference is underscored by the fact that Brewer complains about assignments made by USMS Headquarters and Reid complains about assignments made by intermediate-level supervisors.  *See id.* at ¶ 130; Brewer Decl. ¶ 5, Apr. 5, 2013, ECF No. 123-3; *Byrd v. District of Columbia*, 807 F. Supp. 2d 37, 64 (D.D.C. 2011) (single-filing rule inapplicable when factual inquiry is different as between claims); *see also* Def.'s Reply in Supp. of Mot for Summ. J. 16-17, Apr. 12, 2013, ECF No. 125 (arguing that Plaintiffs cannot create

standing by simply labeling disparate actions as "assignments"). While Reid mentions awards and training opportunities, Brewer's administrative complaint is bereft of allegations about those subjects. *See* Ex. A. Accordingly, Reid has no properly exhausted claims and she should be dismissed from the case.

### III. THE CLASS CLAIMS MUST BE RESTRICTED TO THE RETROSPECTIVE OPERATION OF THE MERIT PROMOTION PROCESS AND BREWER'S SPECIFIC ASSIGNMENT CLAIM.

Dismissal of Reid would leave Brewer as the sole remaining class representative in the case. Not only does Brewer not claim vicarious exhaustion through Grogan's administrative complaint, *see* Am. Compl. ¶ 15, he could not rely on it now, as Grogan is no longer a party to the case. *See supra*. A Title VII lawsuit based on an administrative complaint is "limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). Not only does this rule allow a defendant notice of the issues before it, but it serves the purpose of "'narrow[ing] the issues for prompt adjudication and decision.'" *Id.*

Accordingly, Brewer may only bring those claims as to which he actually exhausted. Whatever the scope of the claims Brewer exhausted in 2008, it does not encompass the sweep of what he now seeks in his federal lawsuit. *See id.* (courts "cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process."); *see also* Mem. Op. & Order 6, Sept. 1, 2011, ECF No. 63. Brewer cannot bootstrap his claims about the USMS's promotion system into a generalized attack on everything that the USMS does in connection with any employment decision, as he attempts to do here. To conclude otherwise would be to suggest, contrary to the law of this Circuit, that the "filing of a general charge . . . would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." *Park*, 71 F.3d at 907.

4

In his April 23, 2008 formal complaint and July 25, 2008 addendum thereto, Brewer complains about a series of jobs he says he was denied because of the operation of the Merit Promotion Process and complains about not being "given the opportunity to staff an assignment or Marshal Service mission in a leadership or command capacity." *See* Ex. A at 4. This specific complaint is a far cry from Plaintiffs' and their counsel's attempt to bring a class action about anything that might be called an assignment, from an individual supervisor's decision to assign one person to a specific warrant to the headquarters decision about who should lead a nationwide task force.

Likewise, Brewer, on his own, lacks standing to challenge the prospective operation of promotions under the Merit Promotion Process. Brewer is a GS-15, and is therefore no longer eligible to be promoted under the Merit Promotion Process. *See* Am. Compl. ¶ 118; Lowry Decl. ¶ 9, ECF No. 117-14. Accordingly, while Brewer might be able to challenge the results of his merit promotion applications in 2007 and 2008, he may not seek injunctive relief with respect to the operation of the promotion system on a forward-going basis. *See Miller v. Caldera*, 138 F. Supp. 2d 10, 13 (D.D.C. 2001). The case must therefore be limited to Brewer's retrospective claims about promotions under the Merit Promotion Process and the only injunctive relief Brewer can seek would be with respect to transfer policies. Because the Brewer administrative complaint contains no mention of awards, training, or investigations, those claims must be dismissed outright.

## CONCLUSION

For the forgoing reasons, Defendant respectfully requests that, in light of the changed circumstances of this case, the Court now enter judgment against Plaintiff Reid and limit Brewer's putative class claims to his specific assignment claim and retrospective claims about the operation of the Merit Promotion Process.

Dated:  May 25, 2013                                  Respectfully submitted,

                                                      STUART F. DELERY
                                                      Acting Assistant Attorney General

                                                      RONALD C. MACHEN
                                                      United States Attorney

                                                      JUDRY L. SUBAR
                                                      Assistant Director
                                                      Civil Division

                                                       /s/ Bryan R. Diederich
                                                      BRYAN R. DIEDERICH (MA BBO #
                                                      647632; NY Reg. No. 42161614)
                                                      GALEN N. THORP (VA Bar # 75517)
                                                      JOSEPH W. MEAD (MI Bar # 71528)
                                                      Trial Attorneys
                                                      United States Department of Justice
                                                      P.O. Box 883, Room 6140
                                                      Washington, D.C. 20530
                                                      Tel:(202) 514-4781/Fax: (202) 616-8460
                                                      E-mail: galen.thorp@usdoj.gov
                                                      Attorneys for Defendant



# Exhibit A

## UNITED STATES MARSHALS SERVICE
### District of Puerto Rico
200 Federal Building
150 Chardon Avenue
Hato Rey, Puerto Rico 00918

Office:(787) 766-6000   Facsimile:(787) 766-6023

TO:       Tonya Wright - EEO Office    202-307-8765

FROM:     Herman Brewer, Jr

DATE:     April 24, 2008

NUMBER OF PAGES: __5__    (EXCLUDING COVER SHEET)
Contents include Formal Complaint and FORM DOJ-201A

COMMENTS: Do I need to mail you the originals?  Please sen me an Email notifying me if I do.

WARNING: MANY FACSIMILE MACHINES PRODUCE COPIES ON THERMAL PAPER. THE IMAGE PRODUCED IS HIGHLY UNSTABLE AND WILL DETERIORATE SIGNIFICANTLY IN A FEW YEARS. IT SHOULD BE COPIED ON A PLAIN PAPER COPIER PRIOR TO FILING AS A RECORD. FOR OFFICIAL USEONLY.

USMS0006868

| U.S. Department of Justice | Complaint of Discrimination |
|---|---|
| | (See instructions on reverse)  USM-2008-00213 |

PRIVACY ACT STATEMENT: 1. AUTHORITY- The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108.
2. PURPOSE AND USE-This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), sexual orientation or reprisal.

The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

| 1. Complainant's Full Name | 2. Your Telephone Number (including area code) |
|---|---|
| Herman Brewer, Jr. | Home 787-998-8785 |
| Street Address, RD Number, or Post Office Box Number | |
| PMB 273, P. O. Box 194000, San Juan, PR  00919 | Work 787-766-6000  ext. 110 |
| City, State and Zip Code | |
| San Juan, PR  00919 | |

| 3. Which Department of Justice Office Do You Believe Discriminated Against You? | 4. Current Work Address |
|---|---|
| United States Marshals Service | 150 Ave. Chardon, Hato Rey, PR  00918 |
| | A. Name of Agency Where You Work |
| | United States Marshals Service, District of PR |
| B. Street Address of Office | B. Street Address of Your Agency |
| | |
| | C. City, State and Zip Code |
| C. City, State and Zip Code | Washington, DC  20530-1000 |
| | D. Title and Grade of Your Job |
| Washington, DC  20530-1000 | Assistant Chief Deputy/ GS 14-4 |

5. Date on Which Most Recent Alleged Discrimination Took Place

Month  Day  Year
01     02   2008

6. Check Below Why You Believe You Were Discriminated Against?

- [X] Race or Color (Give Race or Color) **African American**
- [ ] Religion (Give Religion) _____
- [ ] Sex (Give Sex)  [ ] Male  [ ] Female
  - [ ] Sexual Harassment
- [ ] Age (Give age) _____
- [ ] National Origin (Give National Origin) _____
- [ ] Disability  [ ] Physical  [ ] Mental

- [ ] Sexual Orientation
- [ ] Reprisal
- [ ] Parental Status
- [ ] Class Complaint

7. Explain How You Believe You Were Discriminated Against *(treated differently from other employees or applicants)* Because of Your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Sexual Orientation, Parental Status, or Reprisal. Do not include specific issues or incidents that you have not discussed with your EEO Counselor. *(You may continue your answer on another sheet of paper if you need more space.)*

SEE ATTACHED COMPLAINT

8. What Corrective Action Do You Want Taken on Your Complaint?

SEE ATTACHED COMPLAINT

| 9. A) I have discussed my complaint with an Equal Employment Opportunity Counselor and/or other EEO Official. | B) Name of Counselor |
|---|---|
| DATE OF FIRST CONTACT WITH EEO OFFICE:  1/2/08 | DATE OF RECEIPT OF NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR: | Robert Wesley |
| 10. Date of This Complaint: Month Day Year  04  23  2008 | 11. Sign Your Name Here: *Herman Brewer Jr.* |

[ ] I Have Not Contacted an EEO Counselor

FORM DOJ-201A
MAR. 2001

pg 1

USMS0006869

EEO Complaint
Herman Brewer, Jr.
April 24, 2008

The United States Marshals Service (USMS and Marshals Service) has discriminated against me in the past and continues to discriminate against me on the basis of my race, African American, by denying me promotions, major mission leadership opportunities and assignments. The Marshals Service has subjected me to a harsh financial hardship and has retaliated against me through means and methods of intimidation. I believe that the Marshals Service's Merit Promotion system and policy allows White males of Irish descent, top level managers to discriminate against me and other African Americans with no accountability or obligation of explanation.

The Marshal Service also discriminated against me when I was removed from the position of commander of the District of Puerto Rico HIDTA Fugitive Task Force. I believe that the Marshals Service policy, procedures and actions are part of a continuing pattern and practice of discrimination against me as an African American.

**Individual Issues**

The Marshals Service has discriminated against me on the basis of my race, African American, by: (1) denying me promotions, lateral transfers and promotional opportunities in favor of less qualified White employees; (2) subjecting me to a location and position that earns less than my peers with the same general service grade; (3) discriminatorily denying me the opportunity to manage special Marshals Service missions and assignments; (4) discriminating against me by removing me from a position that I was hired for because African American are not given the opportunity to manage Investigative units or work within the Investigative Operations Division; and (5) retaliating against me because I submitted a letter to USMS Headquarters regarding the hostile work environment created and perpetuated by the senior district manager.

**Discrimination Regarding Promotions**

1. **Denials of Promotional and Lateral Opportunities**

On April 14, 2008 I was denied two (2) merit promotion positions, one for the GS 15 level and the other a lateral transfer to a GS 14 position. The recipient of the GS 15 position was Cathy Jones, a white female who is less qualified than I. The GS 14 position was given to Thomas Hedgepeth, an African American who was promoted from a GS 13 position and who is less qualified than I. The GS 14 position issue is evidence of a continuing chain of actions against me as an individual and as an African American. This discriminating act is done in retaliation to a letter I submitted to Chris Dudley, Chief of Staff and Michael Earp, Deputy Assistant Director for Investigative Operations

pg 2

Division in June 2007 referencing and reporting a hostile work environment created and perpetuated by the senior district manager.

On January 2, 2008 I was denied three (3) GS 15 merit promotion positions in which one was cancelled and the other two were given to Roxanna Irwin, a white female who is less qualified than I and a white Hispanic male who is also less qualified than me. I was recommended for a merit promotion position by Assistant Director Sylvester Jones but Director John Clark decided to cancel the merit promotion announcement without conferring with the assistant director who announced the position. Later Chief Daniel O'Donnell was informed that Assistant Director Jones had selected me as his recommendation for the position from the "Best Qualified List". He then withdrew his name from contention for the GS 15 position. Chief O'Donnell was overheard telling a group of Prisoner Service Division workers that he should not have to interview for a position he already has. After he withdrew his name, Director Clark closed the position and I believe this was done based on my race, African American. On one occasion I was cheated by points being withheld from me on my total merit promotion experience package score for the GS 15 position, MPA#70-194. Including the points that were taken from me I would have had the highest merit promotion experience package score on the "Best Qualified List". I believe this was done because of my race, African American.

On January 2, 2008 I was also denied two (2) merit promotion lateral positions at the GS 14 level which were given to Trent Touchstone, a white male and Theresa Rodgers, a white female, both being less qualified than I. Theresa Rodgers held the position of United States Marshal in the Middle District of Georgia when the Chief Deputy's position was advertised. Traditionally, a United States Marshal resigns from their appointed position when the political party leadership changes in the Whitehouse. She was allowed to step down to an acting Chief Deputy during the merit promotion selection process until she was officially given the Chief Deputy position. Ms. Rodgers was the put back in the Marshals position until the results of the up coming presidential election. This pre-arranged and pre-planned operation denied me an equal and fair opportunity to get selected for a lateral position which again, I believe was executed against me because of my race, African American.

2.  Past Merit Promotion Practices and Patterns

During the past year and half I have applied for at least nineteen (19) positions, the majority of which I have made the "Best Qualified List". On several occasions, I have been selected by the recommending official and nominated by the Merit Promotion Board without successfully receiving a promotion or lateral transfer. The third part of the selection process is the Director's selection process. I have been denied a promotion or lateral transfer on several occasions by Director John Clark without any explanation and I believe this based on my race, African American. This information is given to show the consistent and planned discriminating patterns performed by Director John Clark, Deputy Director Brian Beckwith and the Merit Promotion System. This three tier system has successfully discriminated against me because of my race, African American for almost

pg 3

two (2) years and I have been denied promotion and lateral transfers due to Director Clark and Deputy Director Beckwith's actions.

### Discrimination Regarding Location and Salary Compared to My Peers

Currently I am employed as a GS 14 and the base salary for Puerto Rico is $100,900 and in other Marshals Service districts a GS 14 base salary could be as much as $118,000 is another reason I am discriminated against because of my race, African American. The fact that I am purposely being denied advancement to keep me in Puerto Rico is another reason why I am being discriminated against.

### Discrimination in Receiving Special Assignments and Missions

Special assignments and or mission leadership opportunities are regularly given to white employees to help develop and groom them for promotional positions when they become available. I have been discriminated against in the area of special assignments and mission leadership opportunities. I have never been given the opportunity to staff an assignment or Marshal Service mission in a leadership or command capacity.

### Discrimination Regarding Removal from the Fugitive Task Force

I was removed as the commanding officer on the District's HIDTA Fugitive Task Force in September 2007 and replaced by Anthony Burk, a white deputy from California. I was promoted to the position and title of Assistant Chief Deputy assigned as commander to the Fugitive Task Force in September 2005. I was removed by Deputy Assistant Director Michael Earp with a promise and commitment that I would be transferred through the Merit Promotion system to a position I had applied for so that the district's Fugitive Task Force could be converted to a Headquarter financially sponsored entity. I gave Mr. Earp and Chief Daniel O'Donnell a list of the jobs I had applied for which were going to be considered by the Merit Promotion Board in September 2007. I also ranked the jobs according to my preference, a total of eight (8) positions. As of today this transition of the district's Task Force becoming a Headquarter entity has not taken place and I believe that I was made that promise to keep me from believing or thinking I was discriminated against. On January 2, 2007 I was informed that the remaining positions I gave to Michael Earp were staffed by individuals other than me. All other white GS 14 Assistant Chief Deputies assigned to the District of Puerto were assigned and remained assigned to the District's Task Force during their tenure in the district. There is a Marshal Service tradition and practice to not allow African American the opportunity to command or manage a Headquarter sponsored Task Force. I now believe that I was removed from the Task Force because of my race, African American

### Retaliation
I have been retaliated against because I submitted a letter to Chris Dudley, Chief of Staff and Michael Earp, Deputy Assistant Director referencing and reporting a hostile

work environment created and perpetuated by the senior district manager in the District of Puerto Rico. I sent the letter to Headquarters because of a recent meeting in June 2007 district personnel had with Director John Clark and Chris Dudley. I meant no harm and was trying to correct the hostile environment which existed in the District. I was informed reputable source that upper management located in Headquarter did not appreciate me sending that letter and that it would be held against me.

### Corrective Actions I Want Taken

I want to be promoted through the Merit Promotion System to a GS 1811 15/10 and reimbursed for back pay plus interest from a negotiated date from which where I should have been promoted and/or a lump sum payment of $300,000.00 for each time I was discriminated against. I want the Merit Promotion rules changed to where they are the same or similar to other Department of Justice Law Enforcement Agencies. I want to insure that no one individual has absolute authority or powers regarding any of the Merit Promotion procedure or process.

Complainant reserves the rights to modify, change or add additional terms to the corrective action requested as I move forward in the EEO complaint procedures and process or as new and additional information is learned.

### Filed Grievance or Appeal

At this time I have not filed a grievance under a negotiated grievance procedure or an appeal with the Merit System Protection Board on this same matter.

### Contact Information

PMB 273
P. O. Box 194000
San Juan, PR  00919
939-475-6903 (cell)
787-766-6000 Ext. 110

*Herman Brewer, Jr* (signature)

April 24, 2008

pg 5

USMS0006873

**Wright, Tanya (USMS)**
**From:** Brewer, Herman (USMS)
**Sent:** Friday, July 25, 2008 3:59 PM
**To:** Wright, Tanya (USMS)
**Subject:** Formal Complaint Addendum


scan (1 MB)

USMS0006874

EEO Complaint
(First Addendum)
Herman Brewer, Jr.
July 25, 2008

Overview of Addendum to Original EEO Complaint (April 22, 2008)

Since filing my formal EEO Complaint, the Director John Clark of the United States Marshals Service and the United States Marshals Service has continued to unfairly discriminate in a consistent manner against complainant on seven (7) additional occasions. Director Clark has continued to perpetuate a Merit Promotion environment that is skewed to establish an unfair and unethical advantage to upper and lower level white managers who are personal friends or who have a personal relationship with him. Since there is no opportunity or desire to establish this type of relationship with African American United States Marshals Service personnel, we are at a disadvantage and are not allowed in Director Clark's friendship or associate realm. Director Clark's absolute selection authority within the United States Marshals Service's Merit Promotion system creates an unfair and discriminatory disadvantage for complainant and other United States Marshal Service's African American employees in that the action or selection made by him cannot be challenged nor does he have to provide an explanation for his decisions for both operational and administrative positions.

**Individual Addendum Issues**

On July 22, 2008 a memorandum was published by United States Marshals Service Director John Clark promoting Sean Fahey, a white United States Marshals Service employee to the position of Chief of Staff GS 15. Approximately four (4) years ago Mr. Fahey worked as a GS 12 Deputy United States Marshal under the supervision of complainant in the District of South Carolina. At that time I had been employed with the Marshals Service as a Supervisory Deputy for eleven (11) years. Mr. Fahey was promoted to the GS 13 level in 2004 and the GS 14 level in April 2006. I applied for this position, Merit Promotion Announcement number 08-127 under the Merit Promotion guidelines and policy. This promotion was given to Mr. Fahey without the involvement and over site of the Merit Promotion Board and the Merit Promotion Directives. Mr. Fahey is less qualified than complainant and this action by Director Clark is discriminatory and creates an unfavorable promotion opportunity for me as an African American. Personnel actions, as mentioned above and executed by Director Clark create an unfair disadvantage for complainant and other African American employees of the United States Marshals Service.

On July 23, 2008 a memorandum was published by United States Marshals Service Director John Clark promoting Michael Ferstl, a white United States Marshals Service employee to the position of Chief Deputy, GS 15, Merit Promotion Announcement number 08-081. Mr. Ferstl, recently was given a "Directed Move" to the Marshals Service Headquarters from Hawaii one year ago. This personnel action was authorized by Director Clark and is only given to White Marshals Service employees. This type of

move is supposed to be for the best interest of the Marshals Service. How could someone receive a favorable personnel action such as this and then a year later get promoted to another position? I applied for this position but, because the favorable opportunity was given to Mr. Ferstl, who is less qualified than I. I was again discriminated against by Director Clark and the United States Marshals Service Merit Promotion system because of my race (African American). Mr. Ferstl also has a friendly relationship with Director Clark, Associate Director of Operations Robert Finan and Associate Director of Administration Chris Dudley. African American employees of the United States Marshals Service are not extended the opportunity to establish any type of social relationship with any of the agencies top level Directors and due to this it is unethical to grant promotions based solely on these relationships and not ability or experience as well.

On July 23, 2008 a memorandum was published by United States Marshals Service Director John Clark promoting Fernando Karl, a white Hispanic United States Marshals Service employee to the position of Chief Deputy, GS 15, Merit Promotion Announcement number 08-071. Mr. Karl, recently was given a lateral transfer from Mexico to the Western District of Texas as Assistant Chief Deputy, GS 1811 15. Within a year he was promoted again to Chief Deputy, GS 15 in the same district. I also applied for this position and due to the discriminatory practices of Director Clark and the Merit Promotion process I was not awarded the position due to my race (African American). Mr. Karl is less qualified than I.

On July 23, 2008 a memorandum was published by United States Marshals Service Director John Clark canceling Merit Promotion Announcement number 08-084 for a Chief Deputy position, GS 1811 14 for the District of Nebraska which I applied for and made the "Best Qualified List". This is the fourth time Director John Clark has used this cancellation procedure to discriminate against me because of my race (African American). Recently, on one occasion Director Clark invoked a "Directed Move" selection and put a White Marshals Service employee in a position he canceled that I was recommended for, Merit Promotion Announcement number 07-198. This practice by Director Clark has created an unfair disadvantage for me on four (4) separate occasions. It clearly shows a direct pattern of a discriminatory attitude and practice towards me with regards to my efforts to advance within the United States Marshals Service upper level management ranks.

There are several positions I applied for throughout the Marshals Service Merit Promotion system for which I have had the knowledge of the experience and background of the individuals selected for these positions. There were several other positions for which I was not selected where I was not aware of the selected candidates experience and can only assume that they were selected due to there merits. This should be the responsibility of the Merit Promotion system. I can state that the all but two (2) of the twenty-six (26) individuals awarded these positions were White Marshals service employees. Merit Promotion Announcement numbers MPA 08-065; MPA 08-026; and MPA 08-054. I made the "Best Qualified List" for all of the above mentioned positions except for the Chief of Staff position due to the Merit Promotion process regarding this selection not being utilized, even though the position was announced under the Merit

Promotion System. MPA # 08-065 GS 14 position was given to Jeffrey Woodfin, a white Marshal Service employee who was at a lower grade than I. MPA #08-026 GS 15 position was given to John Patrignani, a white Marshal Service employee who was just promoted to the GS 15 level within the past year. There is an on going practice and patterns buy the Marshals Service to discriminate against me and other African American employees when we compete for upper level management positions.

### Actions Requested

I request that the above stated issues be attached to my original formal complaint dated April 22, 2008 and that all issues be forwarded to the Department of Justice, Equal Opportunity Office for investigation.

### Contact Information

PMB 273
Post Office Box 194000
San Juan, PR  00919
939-475-6903 (cell)
787-766-6000 Ext. 110

*[signature]*
Herman Brewer, Jr

July 25, 2008