# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES BROOKS,** ) | |
| **individually and on behalf of a class of** ) | |
| **all other persons similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | **NO. 1:08-cv-01747-BJR** |
| ) | |
| **v.** ) | |
| ) | |
| **ERIC HOLDER,** ) | |
| **U.S. Attorney General,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**INTERVENORS' RESPONSE TO THE MINUTE ORDER OF FEBRUARY 8, 2019**

Intervenors respectfully submit this Response to the Minute Order of February 8, 2019, noting that the class claims asserted in this litigation prior to the petition for interlocutory appeal are now encompassed within a more expansive class charge being prosecuted through the administrative process before the Equal Employment Opportunity Commission. *Fogg, et al. v. Whitaker*, Agency Case No. M-94-6376, EEOC No. 570-2016-00501X ("*Fogg*"). In light of those administrative proceedings it is appropriate that this civil action be dismissed without prejudice.

### Petition for Interlocutory Appeal

As noted in the Minute Order, former Plaintiff Herman Brewer petitioned for interlocutory appeal of the denial of class certification in October of 2015. The proceedings in the Court of Appeals associated with that petition were not disposed of until July 21, 2017.

### Administrative Proceedings Before the Equal Employment Opportunity Commission

During the pendency of the proceedings in the Court of Appeals, on November 17, 2015, the Equal Employment Opportunity Commission ("EEOC") through its Office of Federal

1

Operations entered an order denying reconsideration, modifying its earlier decision, and certifying a class charge filed in 1994 on behalf of African American law enforcement operational personnel of the U.S. Marshals Service ("the Agency"). The EEOC also ordered the appointment of an Administrative Judge, notice to the class, and further proceedings to amend the charge and define the class. *Fogg v. Holder*, Appeal No. 0120073003, Agency No. M946376. On January 6, 2016, the Agency requested assignment of an administrative judge, and on May 9, 2016, EEOC Administrative Judge Sharon Alexander ordered Class Agent Fogg to submit briefing in support of a final class definition and motion to amend the class charge.

After briefing, the Administrative Judge entered an order granting Fogg's motion to amend the class charge, defining the class as "all current and former African American Deputy U.S. Marshals and Detention Enforcement Officers who were subjected to the Agency's policies and practices regarding promotions, including reassignments and transfers, Headquarters assignments, and hiring and recruitment from January 23, 1994 to present," and authorizing discovery. In an April 11, 2017 order disposing of a subsequent Agency request for clarification, the Administrative Judge recognized that the class claims in *Fogg* encompassed the narrower class claims that had been presented in the *Brewer* litigation in this Court and declined to modify the class or dismiss or stay the proceedings on that basis. Moreover, in an August 3, 2018, Order, the Administrative Judge held that the discovery produced in the *Brewer* litigation in this Court would be used as part of the record in the administrative proceedings to determine the *Fogg* class charge.

The parties to the Fogg administrative charge have been engaged in class-wide discovery over the past two years. The current Case Management Order provides for discovery and other pre-hearing proceedings for the remainder of this year and into next year.

**Remand From the Court of Appeals**

As noted in the Minute Order, on July 21, 2017 the Court of Appeals granted intervention for four individuals and remanded the *Brewer* litigation to this Court to "allow a reasonable time for the intervenors to file both a motion to substitute a new class representative and a renewed motion for class certification." On September 19, 2017, the mandate of the Court of Appeals issued. At that time, the intervenors were members of the certified class in the *Fogg* EEOC administrative proceedings that encompassed the *Brewer* class claims.

On the day of the remand, July 17, 2017, counsel for the intervenors wrote to defense counsel in *Brewer*, noting the remand and the *Fogg* class EEOC administrative proceedings and inquiring whether the Agency Defendant had an interest in considering settlement. Although counsel for the Defendant replied that they would consult with the Defendant and respond, intervenors have been awaiting a response since. Upon receipt of the Minute Order, counsel for the intervenors again inquired of counsel for the Defendant whether the Agency Defendant had an interest in considering settlement and no response has yet been received.

In light of the outstanding inquiry regarding settlement and the ongoing *Fogg* class administrative proceedings, the intervenors did not move to assert their claims here or to substitute as new class representatives, nor did they file a renewed motion for class certification. As a result, following the settlement of the individual claims of former Plaintiffs Brewer and Brooks, no individual claims or representative class claims are asserted in this civil action.

**Conclusion**

The class claims of the intervenors are currently being prosecuted in the EEOC administrative proceedings in *Fogg, et al. v. Whitaker*, Agency Case No. M-94-6376, EEOC No. 570-2016-00501X. Because those class claims are now the subject of ongoing EEOC

administrative proceedings, it is appropriate that this civil action be dismissed without prejudice. *Augustus v. Locke*, 699 F. Supp. 2d 65, 72–73 (D.D.C. 2010) (where claim is being pursued in an EEOC administrative action, that claim asserted in civil action is dismissed without prejudice as the claim may be brought in federal court upon the completion of the administrative process). Courts routinely dismiss without prejudice civil actions where the EEOC administrative process has not yet been fully exhausted. *See Martini v. Federal Nat. Mortg. Ass'n*, 178 F.3d 1336, 1348 (D.C. Cir. 1999) (dismissing complaint without prejudice where the administrative process had not been fully exhausted); *Maybank v. Speer*, 251 F.Supp.3d 204, 208 (D.D.C. 2017) (same); *McAlister v. Potter*, 570 F.Supp.2d 24, 28 (D.D.C. 2008) (same); *Jones v. Ashcroft*, 321 F.Supp.2d 1, 12 (D.D.C. 2004) (same).

DATE: February 15, 2019                                 Respectfully submitted,


*/s/ Thomas J. Henderson*_____
Thomas J. Henderson, D.C. Bar No. 476854
David Sanford, D.C. Bar No. 457933
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue Southeast, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5200
Facsimile:  (202) 499-5199

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
700 Pennsylvania Avenue Southeast, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5210
Facsimile: (202) 499-5199

*COUNSEL FOR INTERVENORS*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means on this 15th day of February, 2019 upon the following counsel of record by operation of the Court's electronic filing system:

**Marsha Edney**

**Galen Nicholas Thorp**

**James Schwartz**

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION

Federal Program Branch

P.O. Box 883, Rm. 7330

Washington, D.C. 20001

(202) 305-0198 (phone)

(202) 616-8470 (fax)

Email: marsha.edney@usdoj.gov

Email: galen.thorp@usdoj.gov

Email: james.schwartz@usdoj.gov

*/s/ Daniel Kim_____*
Daniel Kim

5